*J. S. Adams* and *R. Earl Camp,* contra.

---

## STONECYPHER *et al. v.* PUTNAM MILLS AND POWER COMPANY *et al.; et vice versa.*

Where an application is made by certain parties to the mayor and council of a municipality of this State, for the privilege of erecting poles and wires to constitute an electric-light line in the streets of the city the granting or refusing of the franchise sought is the exercise of legislative power by the municipal authorities; and a court of equity should not ordinarily grant an injunction restraining the council from passing upon the application.

Nos. 2010, 2025.   JANUARY 13, 1921.

Injunction. Before Judge Park. Putnam superior court. March 27, 1920.

Putnam Mills and Power Company, a corporation, brought its petition against the City of Eatonton, the mayor and aldermen thereof, I. L. Stonecypher, C. S. Stonecypher Sr. and Jr., Stonecypher's Light Co., and others, and prayed that the city be enjoined from granting to the other defendants named any use of the streets of the city for the purpose of erecting therein electric-light lines and the transmission over such lines of electric current. It was alleged in the petition, that the Stonecyphers and others had applied to the mayor and city council of Eatonton to grant them a franchise to use the streets and sidewalks of the city for the construction therein of an electric-light line; that the plaintiff, prior to the filing of this application, had been granted the exclusive franchise and privilege of using the streets for similar purposes; that it would be a violation of their franchise and their charter

privileges should the municipal body grant the application of the Stonecyphers; that the mayor and aldermen had expressed an intention of granting this application (and this appears also from the answer of the mayor and council); and it is charged that for the city council to grant the application would be a violation of the vested rights of petitioners. At the hearing the judge granted an interlocutory injunction upon the ground that the proposed corporation of Stonecypher and others was not of such a character as would authorize the grant to them by the municipal authorities of the franchise sought. To this judgment the defendants excepted. The plaintiff filed a cross-bill of exceptions, assigning error upon the refusal of the court to grant the injunction upon the ground that plaintiff had the exclusive right to the use of the streets, and that the granting of the franchise to the Stonecyphers would be a wrong and injury to the plaintiff and an invasion of its legal rights.

R. C. Jenkins, M. F. Adams, S. T. Wingfield, and W. T. Davidson, for Stonecypher et al.

Noel P. Park, contra.

BECK, P. J. (After stating the foregoing facts). There are numerous questions involved in this record, as to the character and validity of the franchise of the petitioner and the right of the city council of Eatonton to grant the franchise sought by the Stonecyphers; but it is unnecessary to take them up for consideration, as in our opinion the plaintiff is not entitled to an injunction upon any ground set forth in the petition. The object of the petition is to secure the grant of an injunction against action by the municipal council upon the application of the Stonecyphers for the grant of the franchise referred to. This was an attempt to secure judicial interference with the municipal authority in the exercise of its legislative powers; and an injunction against the exercise of a power of this character by a municipality should not ordinarily be granted. This is a general rule concurred in by most courts that have had the question before them. The presumption is that the municipal council, when the matter comes properly before them in the manner provided by their charter, after due publication of notice, etc., would reach a conclusion that was proper and legal. While it is alleged that the mayor and council had expressed an in-

tention of granting the franchise sought, and this is admitted in their answer, no municipal action had been taken upon it, the matter had not been passed upon in council, and no resolution or ordinance had been passed, so far as appears from the pleadings, granting the franchise sought. Caution will be exercised always in the granting of injunctions. Civil Code, § 5477. And when the threatened invasion of one's property rights is alleged as the cause of granting an injunction, it should be made clearly to appear that there is actual danger of the happening of the threatened invasion, and generally that it is imminent, before the extraordinary remedy of injunction is granted. That is not the case here. The application for the franchise has not even been taken up in council, so far as appears, for any action; and, as we have remarked, when it does come up for action, if council is without power to grant the privilege sought it will be refused. Should the council, however, grant the franchise sought, and should the applicants make an attempt to exercise the privilege or threaten to exercise it in a way making it apparent that the plaintiff's rights will be violated, the court of equity will then act and grant appropriate relief. Upon the general subject of injunctions to restrain municipal legislation, see High on Injunctions, § 1243, and cit.; 14 R. C. L. 437.

It follows from what we have said that the court erred in granting the injunction upon the ground stated, and did not err in refusing it upon the other grounds insisted upon by the plaintiff in the cross-bill of exceptions.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*